# Albert S. C. Pennington v. Illinois Central Railroad Company.

1. RAILROADS—*Acceptance of Persons as Passengers on Defective Tickets.*—A person purchased a railroad ticket on November 27, 1893, good "if presented on date of sale shown on back." He did not attempt to use it until December 10, 1893, when he went to the agent at the station who sold him the ticket, and inquired of him if the ticket was good for a trip on that day, and was informed that it was, and permitted to pass through the turnstile, as was necessary to do in order to reach the train. *Held,* that what was done was an acceptance by the company of such person as a passenger upon such ticket.

Trespass on the Case.—Ejecting passengers from a train. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed April 15, 1897.

JOHN C. TRAINOR, attorney for appellant, contended that the purchase of a punched ticket on assurance by agent that it was valid, does not justify expulsion. Murdock v. Boston, etc., R. Co., 137 Mass. 293.

A passenger has a right to assume that an agent placed at a station will observe the rules with reference to such matters as dates in or on a ticket. What may be a rule to-day, may not be to-morrow. Conceding plaintiff to have known of the rule previously, he was not called upon to question the act of the agent, as to the rule on the day he bought the ticket. It is neither reasonable nor practical for passengers to take notice of such matters or attempt to correct agents in regard to them. Ellsworth v. C., B. & Q. R. R. Co., 63 N. W. Rep. 584; Yorton v. Milwaukee, L. S. & W. Ry. Co., 62 Wis. 367.

In the absence of any provision of limitation, a ticket is good at any time. Penn. R. R. v. Spicker, 105 Pa. St. 142.

C. V. GWIN, attorney for appellee; JAMES FENTRESS, of counsel. Where there is no subsisting contract or legal duty to carry between the passenger and carrier, no action can be maintained for the expulsion of the passenger.

Pennington v. I. C. R. R. Co.

In all such cases the gist of the action is a breach of an existing contract or legal duty to carry.

The act of expulsion adds nothing to the cause or right of action, and may serve only to show a breach of an existing contract or legal duty to carry, or may form an element of damage for such breach. C., R. I. & P. Ry. Co. v. Herring, 57 Ill. 59; C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Pullman Palace Car Co. v. Reed, 75 Ill. 125; Penn. R. R. Co. v. Connell, 112 Ill. 295; C. & N. W. R. R. Co. v. Bannerman, 15 Ill. App. 100; C. & A. R. R. Co. v. Willard, 31 Ill App. 438; Frederick v. Marquette, H. & O. Ry. Co., 37 Mich. 342; L. S. & M. S. Ry. Co. v. Pierce, 47 Mich. 277; S. C., 11 N. W. Reptr. 157; see 3 A. & E. R. R. Cas. 340; Hufford v. Grand Rapids, etc., R. Co., 53 Mich. 121; S. C., 18 N. W. 580; Thomas v. Chicago & Grand Trunk R. Co., 72 Mich. 355; S. C., 40 N. W. Repr. 463; Heffron v. Detroit City Ry. Co., 92 Mich. 406; S. C., 52 N. W. 802; Van Dusan v. Grand Trunk Ry. Co., 97 Mich. 439; S. C., 56 N. W. Rep. 848; McKay v. Ohio River R. Co., 44 A. & E. R. R. Cas. 395; Hall v. Memphis & Charleston Ry. Co., 9 A. & E. R. R. Cas. 349; Boise v. Hudson River R. Co., 61 Barb. 611; McClure v. Phila. W. & B. R. R. Co., 34 Md. 532; P. C. & St. L. Ry. Co. v. Nuzum, 60 Ind. 533; Pennington v. P. W. & B. R. R. Co., 18 A. & E. R. R. Cas. 310; N. Y., L. E. & W. R. Co. v. Bennett, 1 C. C. A. 544; Pouilin v. Canadian Pac. R. Co., 52 Fed. 200; S. C., 52 A. & E. R. R. Cas. 188; Bradshaw v. South Boston Railway Co., 135 Mass. 407; Hutchinson on Carriers, 2d Ed., Secs. 575–580j; Wood, Railroad Law, Vol. 3, p. 1939; Elliott, Railroads, Vol. 4, Sec. 1594.

A railroad company as a common carrier has the right to limit the use of tickets to a particular train, a particular day or any particular time. Boston & Lowell R. R. Co. v. Proctor, 1 Allen (Mass.), 267; Hill v. Syracuse, etc., R. R. Co., 63 N. Y. 101; State v. Campbell, 32 N. J. L. 309; Auerback v. New York Cent. R. Co., 89 N. Y. 281, Boise v. Hudson R. R. Co., 61 Barb. 611; Elmore v. Sands, 54 N. Y. 512; Shedd v. T. & B. R. R. Co., 40 Vt. 88; Pier v.

Finch, 24 Barb. 514; Ga. R. Co. v. Bigelow, 68 Ga. 219; Stone v. C. & N. R. R. Co., 47 Ia. 182. Johnson v. Concord R. R. Co., 46 N. H. 213; Keeley v. Boston, etc., R. R. Co., 67 Me. 163; Lillis v. St. L., K. C. & N. R. Co., 64 Mo. 464; Little Rock Ry Co. v. Dean, 21 A. & E. R. R. Cas., 279; Churchill v. C. & A. R. Co., 67 Ill. 390; Wood on Railroad Law, Vol. 3, 1638; Hutchinson on Carriers, 2d Ed., Sec. 575 *et seq.;* Elliott, Railroads, Vol. 4, Sec. 1598. ,

The statement of the ticket agent on December 10, 1893, to Pennington that the ticket which she sold him on November 27, 1893, was good for passage to Kensington did not give Pennington a right to travel on the ticket; first, because the declaration of the ticket agent was made long after the sale of the ticket, and did not constitute a part of the *res gestæ* in selling the ticket to Pennington; and, second, because a ticket agent authorized only to sell tickets of a specified form has no authority, even at the time of sale of such ticket, to enlarge or otherwise alter the terms and provisions of such ticket. Hall v. Memphis and Charleston R. Co., 9. A. & E. R. R. Cas. 348; Boise v. Hudson R. Co., 61 Barb. 611; McClure v. P., W. & B. R. Co., 34 Md. 532; P., C. & St. L. Ry. Co. v. Nuzum, 60 Ind. 533, Johnson v. Concord R. Co., 46 N. H. 213; Keeley v. Boston, etc., R. Co., 67 Me. 163; Shedd v. T. & B. R. R. Co., 40 Vt. 88; Elliott on Railroads, Vol. 1, Secs. 217–18.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

November 27, 1893, the appellant purchased at the ticket office of the appellee at 36th street station, a ticket from that station to Kensington, but did not go upon the train as he had intended. He kept the ticket and went again to that station December 10, 1893, to take passage, and presented the ticket to the agent who had sold it to him, asking if it was good for the train that day. The answer of the agent was not admitted in evidence, but the act of the agent was a return of the ticket to the appellant, unlocking the turnstile through which only could the appellant go to the train, and the appellant went upon the cars. He had

with him money enough to have bought another ticket, but not enough to pay the fare which must be paid on the car by passengers not having tickets. The conductor put him off at another station, on a very cold night, and the appellant was much injured in health in consequence thereof.

In the absence of any fraud by the appellant—and no fraud is pretended—what was thus done was an acceptance by the company of the appellant as a passenger.

In the regular course of employment, the agent at 36th street had opened the way for him to the train, with that ticket as the evidence that he had paid the company for the right to ride to Kensington. The defense of the company is that the ticket was:

"Illinois Central R. R.
One Passage Between
Douglas (A)
and
Kensington

On Suburban Trains only. If presented on date of sale shown on back.

A. H. Hanson, General Ticket Agent,"

and was perforated by a stamp cutting little round holes in it, and when held up to the light with the back of the ticket to the observer, the holes were so arranged as to form the figures 331 : 3. Whether such figures meant anything, and, if anything, what, would be to the general run of uninstructed passengers an unsolvable riddle.

"Date of sale shown on back" might be indicated to the employes of the company by any cipher of which they had the key. The restriction was not to date of sale simply, but to such date "shown on back." The appellant did not understand the effect of these hieroglyphics and went to the agent for guidance, who answered him by turning him to the cars.

We have nothing to do with the duty of the conductor to the company.

The company, through an agent put there to discharge, among other duties, that of accepting passengers, accepted the appellant as a passenger.

The act of the ticket agent, and the act of the conductor, were both acts of the company, and, if by reason of their inconsistency the appellant has suffered, he is entitled to compensation.

The instruction by the court to the jury to find for the defendant was wrong, and the judgment is reversed and the cause remanded.