### Albert S. Pennington v. Illinois Central Railroad Company.

#### Gen. No. 12,870.

1. APPELLATE COURT—*extent of rule that decision of, becomes law of case.* A decision of the Appellate Court rendered in a cause which, being reversed and re-docketed is subsequently dismissed, becomes the law and is binding with respect to a new suit brought upon the same cause of action between the same parties in which the declaration and the issues are identical with the suit so reversed and dismissed.

Action on the case. Error to the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded. Opinion filed March 5, 1907.

**Statement by the Court.** This is a writ of error by the plaintiff from a judgment on a verdict directed for the defendant at the close of plaintiff's case, in an action on the case to recover damages for the alleged

wrongful ejection of plaintiff, on December 10, 1893, from a train of defendant, on which it was alleged plaintiff was a passenger.

Plaintiff brought a suit for the same cause of action against the defendant February 7, 1894, in the Circuit Court of Cook county. On the trial of that cause, at the close of plaintiff's case, a verdict for the defendant was directed, and from the judgment on that verdict plaintiff prosecuted an appeal to this court, where it was held that such direction was erroneous, and the judgment was reversed and the cause remanded. Pennington v. I. C. R. R. Co., 69 Ill. App. 628. The cause was then redocketed in the Circuit Court and was pending therein until June, 1902, when, on a general call of the common law docket, it was dismissed for want of prosecution.

January 28, 1903, within one year from the date of such dismissal, this suit was brought in the Superior Court.

It appears from the record that the declaration in this case is a copy of the declaration in the former suit, and that in both cases the defendant's plea was not guilty.

John C. Trainor, for plaintiff in error.

Calhoun, Lyford & Sheean, for defendant in error; John G. Drennan, of counsel.

Mr. Justice Baker delivered the opinion of the court.

The evidence in this record is substantially the same as that contained in the record which was before this court in Pennington v. I. C. R. R. Co., 69 Ill. App. 628. In the opinion in that case the evidence is fully stated, and therefore need not be here again set forth. The question presented to the court in the former case was whether the evidence for the plaintiff fairly tended to prove the cause of action set out in the declaration, and

it was held that the evidence did fairly tend to prove such cause of action; that therefore the trial court erred in directing a verdict for the defendant, and for that error the judgment was reversed and the cause remanded.

"A matter decided on one appeal cannot be re-examined on a second appeal in the same case, for the decision of an Appellate Court, whether right or wrong, is conclusive upon the points presented throughout all subsequent proceedings in the case, both upon the Appellate Court itself and upon the trial court." 26 Eng. and Amer. Encyc. of Law, 184.

If the former suit had not been dismissed, but had proceeded to trial after the reversal of the judgment therein, and the plaintiff upon such trial had produced substantially the same evidence that he produced upon the former trial, the decision upon the appeal would have been binding upon the trial court and made it obligatory upon that court to deny the motion to direct a verdict upon the evidence so produced by the plaintiff.

The question presented upon the former case, whether the evidence produced by the plaintiff fairly tended to prove the cause of action set out in the declaration, was a question of law, and the decision of this court that the evidence did fairly tend to prove such cause of action became the "law of the case."

The question whether the rule above stated is applicable to this case under the facts and circumstances of the two cases is one not free from difficulty. It is true that this is not technically the same suit as that in which the judgment of reversal was entered, but it is substantially identical with that suit. The parties are the same, the pleadings are the same, the forum is the same, for the Superior Court is a branch of the Circuit Court, and the evidence produced by the plaintiff is the same.

In O'Donnell v. The People, 224 Ill. 218, an indictment for robbery was returned against the defendant,

and the case was regularly, reached for trial. After four jurors had been sworn, a *nolle prosequi* was entered and a new indictment returned on the same day, upon which the defendant was at once put upon trial. The defendant then moved for a continuance, upon the ground that the last indictment against him constituted a new case, and it should not be tried until all the cases standing ahead of it on the calendar were disposed of. The motion was denied, and such ruling was assigned for error. In the opinion in that case it was said (p. 223): "The fact that the prosecuting attorney deemed it advisable to procure a more specific change in the indictment upon the same facts which were relied upon for a conviction under the former indictment does not make this a new case."

We think that this case is so far identical with the former case that the decision of this court upon the appeal in that case, that the evidence in that case which, as has been said, is substantially the same as the evidence produced by the plaintiff upon the trial of this case, was binding upon the trial court in this case, and that, therefore, that court erred in directing a verdict for the defendant.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*