Pennington v. Illinois Central R. R. Co., 160 Ill. App. 128.

The appellant complains that the court improperly modified five of its instructions, and erred in refusing seventeen others. The court gave twenty-nine instructions offered by the appellant and five in behalf of the appellee. We think the appellant has no just ground for complaint. The jury were fully, fairly and, in many respects, repeatedly instructed on every proper theory submitted in behalf of the appellant.

There was a judgment for appellee for $5,000, and appellant insists this is excessive. It is certainly a large amount for the pecuniary damages under the evidence in this case, but the pecuniary value of life is so uncertain and problematical, so serious and difficult a question, that we cannot hold said sum to be excessive, although we agree that the same is a large sum for damages under the evidence.

The judgment will be affirmed.

*Affirmed.*

---

**Albert S. C. Pennington, Appellee, v. Illinois Central Railroad Company, Appellant.**

**Gen. No. 15,525.**

1. EVIDENCE—*what part of res gestae.* The statements of the keeper of a turn-stile that a ticket presented was as he understood it good, accompanying the act of unlocking the turn-stile, is competent as a part of the *res gestae.*

2. VERDICTS—*when not excessive.* *Held,* that a verdict for $4,500 in an action on the case for personal injuries was not excessive where it appeared that the plaintiff was ejected from a railroad train on a cold night and before finding shelter had his ears, fingers and feet frozen and upon reaching home was taken sick and suffered a long and serious illness from which he was not entirely recovered fourteen years after the occurrence.

Action in case. Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed March 16, 1911.

CALHOUN, LYFORD & SHEEAN, for appellant; JOHN
G. DRENNAN, of counsel.

JOHN C. TRAINOR, for appellee.

MR. JUSTICE SMITH delivered the opinion of the
court.

A judgment of $4,500 was entered in this case in
favor of the appellee against the appellant, from which
it appeals.

The case has been tried several times and has been
twice before in this court, reported in 69 Ill. App. 628,
and 131 Ill. App. 622, wherein the facts are set forth
substantially the same as here presented, and not
necessary to be restated, with perhaps the one excep-
tion that the trial court last hearing the case per-
mitted, over the appellant's objection, the appellee to
testify that on the presentation of the ticket to the
agent she said to him, ''The ticket is good, it is all
right; it is good and all right as I understand.''

The appellant contends this testimony was the state-
ment of one with no authority to bind the company,
and was error. At the time of making the statement
the ticket agent returned the ticket to the appellee
and unlocked the turnstile through which he had to
and did pass to reach the train. We think the testi-
mony proper as a declaration accompanying an act as
a part of the *res gestae.*

The complaint made to the instruction given on be-
half of the appellee on the measure of damages we do
not think tenable. The errors claimed because of the
refusal of five instructions offered by appellant are
principally in effect questioning the law heretofore
announced controlling this case. We consider the law
of this case as stated by the former decisions in the
same, *supra,* conclusive on this court as well as on the
trial court.

The appellant insists that the damages are excessive.

If the testimony given by and on behalf of appellee be true,—the jury so found and we see no reason to believe otherwise—the appellee was ejected on a cold night and before finding shelter his ears, fingers and feet were frozen. On reaching home the same night he was taken sick and suffered a long and serious illness, from which he had not entirely recovered at the time of the last trial, fourteen years after the occurrence. His prior good health and the details of his subsequent disabilities need not be recited; suffice it to say his damages were substantial, and we cannot say the amount allowed is excessive.

The judgment will be affirmed.

*Affirmed.*